## Cooper *versus* Bushley.

1. Cooper in 1860 bought land at treasurer's sale for taxes of Barber, and received a deed; it was not redeemed. In 1862 he bought the same land at treasurer's sale for taxes and received a deed; this sale was redeemed by a former owner, and Cooper received the redemption-money. He afterwards sold his interest to Bushley, gave him both deeds, and assigned the deed of 1862, but refused to assign that of 1860. *Held*, That receiving the redemption-money of 1862 did not estop him and his assignee from claiming under the deed of 1860.

2. The redemption under the sale of 1862 did not affect Cooper's title under the sale of 1860.

3. Cooper being the owner of the lands under the sale of 1860, the sale of 1862 was the means of coercing his payment of taxes.

4. By reason of the sale of 1860, the former owner, when he paid the redemption-money, had not any right in the land, and his payment was that of a stranger, and voluntary.

5. A purchaser cannot hold that which he has obtained and ask a return of the price he has paid.

October 21st 1872.   Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Erie county*: No. 19, to October and November Term 1871.

This was an action on the case brought September 10th 1867, by Charles H. Bushley against Ezra Cooper.

In his declaration the plaintiff complained that on the 9th of June 1862, the defendent purchased at treasurer's sale of unseated land, forty-five acres sold for taxes as the land of John Barber, and the treasurer made a deed of same date to the defendant, which, after acknowledgment in court, was delivered to the defendant; that on the 14th of April 1863, the land was redeemed by payment of the taxes, &c., whereby the treasurer's sale was annulled, the defendant demanded and received from the treasurer the redemption-money, and the title thereupon reverted to Barber.   But the defendant knowing that he had no title to the land, and with design to defraud the plaintiff, and claiming that he had a good title to the land, and asserting that there had been no redemption, and that the plaintiff without examining the records might rely upon his statement as true, for a valuable consideration paid by the plaintiff, assigned to plaintiff by endorsement "on said deed," his interest in the land and thereby defrauded him.

On the trial, February 3d 1869, before Vincent, J., the plaintiff gave in evidence, deed dated June 9th 1862, from the treasurer of Erie county, to the defendant for the land mentioned in the declaration, with assignment February 1st 1864, endorsed "For a valuable consideration" to C. H. Bushley the plaintiff; also, from the sale-book of unseated land in Erie county, the redemption of the land April 14th 1862, by Hartshorn, a former owner,

[Cooper v. Bushley.]

and receipt of the redemption-money December 12th 1863, by the defendant.

There was evidence by John Clough that he had owned the land and had asked defendant to assign another deed which he had from the treasurer of the county, for a tax sale in 1860; witness told him the land had been redeemed, he said it had not. The witness reconveyed to plaintiff who had deeds both of 1860 and 1862, but an assignment was only on that of 1862. Witness received both deeds from plaintiff and returned them to him. The plaintiff gave evidence of the value of the lands.

The defendant gave in evidence tax sale of the land to himself June 14th 1860, as the property of John Barber, and that there had been no redemption. He gave evidence also by the justice before whom the acknowledgment of the assignment of the deed of 1862 was taken, that plaintiff and defendant were both before him; there were two tax deeds for the same land; there was a question raised whether there should not be an assignment of both deeds; the defendant thought as the plaintiff had both deeds, the one assignment took all the interest that defendant had in the land.

In rebuttal, Clough testified that when plaintiff assigned to him, they talked of transferring deed of 1860, defendant thought it was not necessary to incur the expense of assigning the deed of 1860. Defendant afterwards refused to assign that deed. Witness did not know at the time of the acknowledgment that the land had been redeemed. Defendant wanted him to pay some taxes; witness could not pay them; thought it was not for him to pay.

The court charged:—

"When Cooper transferred the deed of June 9th 1862 he knew that the sale referred to by it had been redeemed, and that, so far as that sale was concerned, he had no title whatever, if you believe the evidence.

"He had another deed to himself for the same land, in pursuance of sale made in 1860, and this sale had not been redeemed.

"Cooper then had in 1864 all the title he could acquire by a treasurer's deed.

"[It is alleged that at the time he assigned his interest in the land to the plaintiff he delivered both deeds to him, although the assignment was only endorsed on the deed of 1862, and it is for you to say whether it was understood by the parties that the assignment on the deed of 1862 transferred all the interest Cooper had in the land, or only that represented by the deed of 1862.]

"Bushley transferred the deed of 1862 to Clough, and handed over both deeds in the same manner that he had received them from Cooper.

"In 1866, at the time of the acknowledgment of the assignment from Cooper to Bushley, and from Bushley to Clough, the question

[Cooper *v.* Bushley.]

of the assignment of the deed of 1860 was mooted, and it was considered that it was not necessary to incur the expense. Cooper afterwards declined to assign the first deed, unless some taxes were paid, but denied then that the land had been redeemed.

"In making that assertion did Cooper refer to the sale of 1860, or the sale of 1862? This question you must answer from the testimony.

"Was Bushley deceived; that is, would he have refused to pay his money for the assignment he received had he known that the sale for which that deed was given had been redeemed, even though he knew of the sale of 1860, and that it was not redeemed?

"Did he understand just how the matter stood as to the land he was buying, when he made the purchase, or did Cooper deceive him with an intent to cheat him? Why did not Cooper transfer the deed of 1860 when asked to do so? Was it in avoidance of the effect of transferring the wrong deed, or was it with a design to defraud?

"[Without an assignment of the deed of 1860 it was no evidence of title to the land in the hands of the assignee, and it was Cooper's duty to assign his interest under that deed, if he intended to transfer his interest under that deed to Bushley.]

"[We are in doubt as to how far the act of Cooper, in receiving the redemption-money of the sale of 1862, estopped him from claiming this land as against the owner before the tax sale, but for the purpose of this suit we charge you that he is estopped by that act, and that he had no interest, after that, in the land, and we therefore think that Bushley cannot hold the land as against Barber, the former owner.]

"[If Bushley is entitled to recover anything, we think he is entitled to recover the value of the land in the absence of any proof as to how much he paid. If he paid a specific sum, which you can ascertain from the evidence, that would be the measure of damage, together with such other sum for trouble and expense, other than attorney fees, caused by the deceit of the defendant.]

"[We are of the opinion that it was not necessary to tender back the deeds before bringing suit.]"

The verdict was for the plaintiff for $450.

The defendant took a writ of error, and assigned for error:

1–5. The parts of the charge in brackets.

6. The effect of the charge was a direction to the jury that the plaintiff could keep the land and recover its value.

*W. Benson*, for plaintiff in error.

*J. H. Walker*, for defendant in error.

The opinion of the court was delivered, January 6th 1873, by

[Cooper v. Bushley.]

AGNEW, J.—Without referring in detail to the errors as assigned, we may say there are two errors in the charge of the court below necessary to be noticed. One was in submitting to the jury the finding of a material fact, on which the case in a great measure turned, without instructing them upon the bearing this fact was to have upon the verdict. The other was in holding that the receipt of Cooper of the redemption-money under the treasurer's sale of 1862, estopped him and his assignee from claiming title under the treasurer's sale of 1860. The action was in case, and the declaration set forth the fraudulent concealment by Cooper of the redemption of the sale of 1862, as the gist of the action. Rescission of the purchase on the ground of fraud in the sale, was clearly the basis of the suit for which the plaintiff claimed his damages. Had there been no treasurer's deed but that of 1862, and the assignment had been specially upon it, the case would have been a clear one. But there was evidence tending to show that Bushley purchased Cooper's interest in both the deeds of 1860 and 1862; that both were handed over by Cooper to Bushley; that it was a question between the parties, whether both deeds should be assigned to carry the title; and that Cooper thought as he had both deeds, the assignment carried all his title. The court was, therefore, right in submitting the question of fact to the jury, as to what the real bargain of the parties was, which they intended to consummate by the assignment, endorsed upon the deed of 1862. But this fact was of no moment unaccompanied by any instruction as to its effect upon the case. If the real bargain was a sale of the entire interest of Cooper under both deeds, and the assignment was made upon that of 1862 only, under a mistaken belief that it would convey all his interest in the land under both sales; it was a case of mistake in the very transaction itself, and at the time of it, which could be reformed. The submission was, therefore, not of a question of law, as the plaintiff in error asserts under the first assignment of error, but of a question of fact, out of which arose a question of law, and here it was the court erred in failing to instruct the jury upon the legal consequence of the finding. For if the bargain was for the entire title of Cooper under both deeds, then the redemption of the sale in 1862 did not affect his title under the sale of 1860, and the plaintiff's purchase had not failed. In this event this action could not be maintained, for he lost nothing by the concealed redemption of the sale of 1862, and the alleged fraud did him no injury, unless Cooper was estopped from claiming title under the sale of 1860 by his receipt of the redemption-money under the sale of 1862, as the court held. This leads us to consider the question of estoppel. There was no evidence to show that the land was seated, or that the taxes for which the land was sold in 1860 were paid before the sale, or that the sale of 1860 had been avoided by a redemption. Cooper's title under the sale of

[Cooper v. Bushley.]

1860 was therefore absolute and indefeasible. When the sale took place in 1862, Cooper was both the owner of the estate sold and the purchaser at treasurer's sale. His was the hand to pay as well as to receive the redemption-money. The most that can be said of that sale is, that it did not divest his title under the sale of 1860, but was simply the means of coercing the payment of his own taxes, with costs, as a penalty for his neglect. Then what was the effect of the payment of the taxes, costs, and twenty-five per cent., constituting the redemption-money, by one who had been an owner of the land, but whose title was extinguished by the sale of 1860? In the first place, there is no evidence that his payment was in the slightest degree induced by Cooper. His payment was, therefore, wholly voluntary, and uninfluenced by Cooper. In the next place, he had not even a *scintilla juris* remaining in him after the sale of 1860 became absolute, to which his payment could attach, in order to create a title in equity. He was, therefore, a mere stranger making a voluntary payment. In the last place, the money he paid did not represent the value of the land, or even a price put upon it by Cooper; but was merely the public charge upon the land, with the costs and percentage incurred by the non-payment of that charge. The sum thus paid, therefore, did not represent a price or consideration given for the land to constitute either a trust or a purchase of it. The payment then being voluntary, and induced by no act of Cooper, and the sum received by him not representing the value of the land or any price put upon it by Cooper, on what principle in law or equity can it be said that Cooper's title under the sale of 1860, passed by his receipt of the money paid to redeem the sale of 1862? Clearly, the most that can be founded upon his receipt of the money paid under the circumstances stated, voluntarily by a stranger to the title, would be an implied parol sale of Cooper's title, if such an implication could arise, by reason of the payment of a sum not representing the value or price of the land. But to such a parol sale, were it implied, the Statute of Frauds and Perjuries would be a complete bar. The consequence would be the same, if a trust were implied instead of a sale. The court erred, therefore, in holding that either Cooper or his assignee were estopped by the receipt of the redemption-money paid upon the sale of 1862, from setting up title under the deed of 1860.

On the other hand, if the facts found were that Cooper sold only his title under the treasurer's deed of 1862, and so specially assigned it to Bushley, the concealment by Cooper of the redemption of that sale, in which he had acquiesced by taking the money, would be such a fraud on Bushley as would enable the latter to rescind, and to recover from Cooper the money paid and interest, and any special expense to which he was put in making the purchase. How far Cooper's sale of the title under the deed of 1862,

[Cooper *v.* Bushley.]

would convert him into a trustee of the title under the deed of 1860, for Bushley, is a question not raised in the case, and depends upon the true facts of the sale as to the title intended to be bargained for. Nothing can be said, therefore, on that question.

In regard to the question of tender before suit, if the fraud were found by the jury to entitle the plaintiff to rescind, there can be no difficulty as the case was presented. The sale of 1862 being wholly inoperative, if that were the only title which was intended to be conveyed, or which would legally pass by the assignment of that treasurer's deed, nothing passed by the assignment of Cooper to Bushley. There was nothing, therefore, to be reconveyed, unless Cooper might require it, *ex majore cautela*, and if he did, this could be provided for in the verdict at the time of trial. Such is the doctrine of Babcock *v.* Case, 11 P. F. Smith 427. If any interest or estate had passed from Cooper to Bushley by the sale, even though an imperfect or a defeasible interest, a reconveyance would be necessary, and that, according to the doctrine of Pearsall *v.* Chapin, 8 Wright 9, would require the reconveyance to be tendered before suit brought. The purchaser cannot hold what he has actually obtained, and yet ask a return of the price he has paid.

Judgment reversed, and a *venire facias de novo* awarded.